HEDWIG LIPSKI v. HORNBLOWER & WEEKS-HEMPHILL NOYES.

204 N. W. 2d 119.

January 19, 1973—No. 43655.

*Hedwig Lipski,* pro se, for appellant.

*Haverstock, Gray, Plant, Mooty & Anderson* and *Edward J. Callahan, Jr.,* for respondent.

Heard before Knutson, C. J., and Otis, Peterson, and Todd, JJ.

PER CURIAM.

Plaintiff appeals from an adverse judgment on her claim for the return of certain securities held by defendant Hornblower & Weeks-Hemphill Noyes (Hornblower), a partnership, under a margin agreement, and for defendant on its counterclaim for a sum certain due it pursuant to the terms of the margin agreement. We affirm with modification of the judgment.

Plaintiff entered into a standard margin agreement contract with defendant Hornblower, a stockbroker. Pursuant to this agreement, various transactions were conducted for plaintiff and accountings made by Hornblower to plaintiff on a transaction basis and on a monthly basis. Plaintiff specifically attacked four individual transactions, claiming that Hornblower had exceeded its authority in conducting these transactions. The trial court held that Hornblower had exceeded its authority but that said action on these four occasions was not fraudulent but the result of mistake or negligence and that plaintiff was not damaged. Plaintiff claims she was entitled to have her securities returned to her and the debit on her margin account canceled. The trial court rejected this position and entered judgment for defendant Hornblower in the amount of $1,942.13, plus interest from November 9, 1967. It also held that defendant Hornblower was the owner of certain stock of Victoreen, Inc., of the value of $415.52 as of November 9, 1967.

Defendant Hornblower points out in its brief that the interest should be computed not from November 9, 1967, but from September 30, 1970, and further points out that the court's conclusion of law and judgment were in error regarding ownership of the Victoreen stock as of January 31, 1972, the date of the order, since the stock was actually sold in August 1968.

We have examined the record and proceedings herein and find that the findings of fact, conclusions of law, and order for judgment of the trial court are adequately sustained by the evidence and that plaintiff has failed to establish any reversible error in the lower court proceedings.

Defendant Hornblower has filed a notice of review to correct the judgment regarding the date from which interest should be computed and the ownership of the Victoreen stock. The judgment should be corrected to provide for money judgment of $2,357.65 due defendant Hornblower from plaintiff, with interest thereon from September 30, 1970.

Affirmed and remanded for correction of judgment in accordance with this opinion.